[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON OBJECTION TO AMENDMENT TO THIRD PARTY COMPLAINT
The amendment to the third party complaint dated March 18, 1992 sets forth a cause of action for reckless service of alcohol, based upon the case of Kowal v. Hofher,18 Conn. 355, 357 (1980) which permits such action for reckless and wanton service but not for negligent service of alcohol. The third party plaintiff claims the amended complaint relates back to the original dated November 12, 1990.
The court finds that the amended complaint does arise out of the same facts as the original cause of action. However, since the November 12, 1990 action is barred by the two year statute of limitations, this amended action is also barred by that statute.
Although the third party complaint is brought under Connecticut General Statutes Section 52-570o and Section52-572h requiring the trier of fact to determine the comparative responsibility of each party to the action, the objection to the third party complaint is sustained because the action is barred by the statute of limitations for personal injuries. Connecticut General Statutes 52-584.
While Public Act No. 86-338 (Connecticut General Statutes 52-102) states that any party has the right to make any person a defendant who has an interest adverse to the plaintiff, it does not provide for an extention or tolling of the statute of limitations. Accordingly, the court rules that, where an action against a person is barred by the statutes of limitations that person cannot be made a party under Connecticut General Statutes 52-102. CT Page 3739
The objection to the motion to amend is therefore sustained.
HURLEY, JUDGE